## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY SUMMER, <br><br>   Plaintiff, <br><br>   v. <br><br> KIRK ANDREWS, *et al.*, <br><br>   Defendants. | Civil Action No. 12-0907 (BAH) <br> Judge Beryl A. Howell |

### MEMORANDUM OPINION

On June 5, 2012, plaintiff Stanley Summer filed a *pro se* Complaint in this Court against ten defendants, alleging violation of his constitutional rights stemming from an allegedly fraudulent divorce proceeding between the plaintiff and his ex-wife. The plaintiff, however, has already asserted the claims associated with his divorce proceeding in the Eastern District of Tennessee, which granted motions to dismiss and for summary judgment in favor of the defendants in that case. Consequently, for the reasons set forth below, the Court will dismiss, *sua sponte*, the plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the doctrine of *res judicata*, which bars the plaintiff from re-litigating previously adjudicated issues before this Court.

### I.   BACKGROUND

The plaintiff alleges numerous constitutional violations against the ten named defendants.[1] Specifically, the plaintiff asserts claims against Blount County, Tennessee, and six County officials, including Captain Randall Mercks, Sheriff James Lee Berrong, Officers Lisa

---

[1] The plaintiff's Complaint also contains similar allegations against Judge W. Dale Young, the presiding judge during the plaintiff's divorce proceedings, even though the plaintiff has not named Judge Young as a defendant.

Whitehead and James West of the Blount County Police Department, and Stephen Ogle and Thomas Hatcher from the Blount County Clerk's Office; as well as three private individuals, his ex-wife Nancy Joan Summer and her two divorce attorneys, Kirk Andrews and Chris Ralls. The factual allegations relevant to the plaintiff's claims are difficult to decipher, but are generally described below.

On February 20, 2003, the plaintiff's wife, defendant Nancy Summer, filed for divorce in the Circuit Court for Blount County in Tennessee. Compl. at 8.[2] Defendant Summer was represented in the divorce proceeding by defendants Kirk Andrews and Chris Ralls. The plaintiff alleges that these three defendants filed a fraudulent divorce petition in which defendant Summer represented that she had been married only once before when in fact her marriage to the plaintiff was her fourth. *Id.* at 8-11. It appears from the Complaint that at the time of the divorce proceedings the plaintiff was unaware that defendant Summer had been married on two other occasions.

Defendant Summer successfully divorced the plaintiff, and the state court divided their marital property, ordering the sale of some of the plaintiff's asserts. *Id.* at 10-12. On June 22, 2009, the plaintiff's house was sold at a Sheriff's sale, and other personal items belonging to the plaintiff were seized during the following two months. *Id.* at 13-14.

The plaintiff alleges in the instant Complaint that the four Blount County police offers who participated in the seizure and sale of the plaintiff's property violated his constitutional rights when they took his property. *Id.* at 15-18. He further asserts that defendant Summer and her two divorce attorneys engaged in a fraudulent scheme to deprive him of property when they filed a false divorce petition. Finally, the plaintiff alleges that two employees of the Blount

---

[2] While it is customary to cite to specific paragraphs in a complaint, the plaintiff has chosen to break his Complaint into an excessive number of paragraphs in some parts, while declining to number other paragraphs entirely. Thus, the Court will cite to the page number in the Complaint.

County Clerk's Office participated in the scheme to deprive the plaintiff of his constitutional rights by failing to uncover the false statements in the divorce petition.  In recompense for the alleged violation of his rights, the plaintiff seeks $120 million in compensatory damages and $10 million in punitive damages per defendant.  *Id.* at 32.

The plaintiff's Complaint before this Court, however, is not his first attempt to seek redress for the alleged violation of his rights stemming from his divorce from defendant Summer and the resulting sale of some of his assets.  In 2010, the plaintiff initiated suit in the Eastern District of Tennessee against numerous individuals, including Blount County, and defendant police officers Mercks, Berrong, Whitehead, and West.  That court granted summary judgment in favor of these defendants after concluding that the officers were entitled to immunity because they were acting in accordance with valid court orders.  *Summer v. Cunningham*, No. 3:10-cv-169, 2011 WL 52554, at *4-7 (E.D. Tenn. Jan. 7, 2011).

Upon review of the ruling issued by the Eastern District of Tennessee in the plaintiff's previously filed case, this Court concludes that the plaintiff's allegations against Blount County, the defendant police officers – Mercks, Berrong, Whitehead, and West – as well as its claims against defendants Ogle and Hatcher from the Blount County Clerk's Office are barred by the doctrine of *res judicata*.  Moreover, the plaintiff's allegations against defendant Summer, Andrews, and Ralls fail to state cognizable claims for relief.  Consequently, the Court will dismiss the plaintiff's Complaint *sua sponte*.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 12(b)(6).  "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).  Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940, 1949; *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012).  The Court must "assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotations and citations omitted).

In this Circuit, "[c]omplaints may . . . be dismissed . . . sua sponte . . . under Rule 12(b)(6) whenever the plaintiff cannot possibly win relief." *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (internal quotations omitted); *see also Klute v. Shinseki*, 797 F. Supp. 2d 12, 17 (D.D.C. 2011) (citing *Best* in dismissing, *sua sponte*, the plaintiff's Americans with Disabilities Act ("ADA") claims against the federal government because the ADA does not consider the federal government an employer); *Moore v. Motz*, 437 F. Supp. 2d 88, 94 (D.D.C. 2006) (citing *Best* in dismissing, *sua sponte*, the plaintiff's claim against government officials for failure to fulfill campaign promises, as such a cause of action does not exist).  Complaints filed by *pro se* plaintiffs, however, "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009) (citing *Iqbal*,

129 S.Ct. at 1950).

### III.   DISCUSSION

"The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *Sheppard v. District of Columbia*, 791 F. Supp. 2d 1, 4 (D.D.C. 2011) (citing *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983)).  Under claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.  *See Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010); *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971); *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948)); *Herrion v. Children's Hosp. Nat'l Med. Ctr.*, 786 F. Supp. 2d 359, 368 (D.D.C. 2011). Moreover, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (emphasis in original).  In order for issue preclusion to bar a claim, "(1), the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2), the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3), preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice,* 488 F.3d 446, 454 (D.C. Cir. 2007).

  **A. The Plaintiff's Allegations Against Blount County and Defendants Mercks, Whitehead, Berrong, and West are Barred By Claim Preclusion**

The plaintiff alleges that defendants Mercks, Whitehead, Berrong, and West violated his

constitutional rights when they unlawfully seized his personal property, and that defendant Blount County is also liable for its officers' illegal acts. Compl. at 31. The plaintiff, however, has already litigated these claims in the Eastern District of Tennessee and is thus precluded from asserting them before this Court.

As stated above, claim preclusion applies (1) if there has been prior litigation involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. *See Porter*, 606 F.3d at 813. In this case, all four conditions are met.

In the Eastern District of Tennessee, the plaintiff alleged that the defendant officers "improperly 'initiated direct attachment and seizure upon [plaintiff's] private property,' assaulted and arrested plaintiff without probable cause, and deprived plaintiff of his 'right to privacy, to be left alone, [and] peaceful ownership of his property.'" *Summer*, 2011 WL 52554, at *4 (quoting plaintiff's complaint in the Eastern District of Tennessee). These are precisely the constitutional violations he alleges in this case. The Eastern District of Tennessee entered judgment in favor of the defendant officers after concluding that they had immunity from suit because the actions that allegedly violated the plaintiff's constitutional rights were undertaken pursuant to valid court orders issued by Blount County courts. *Id.* at *5 (stating that the Court "has found no indication that the orders under which defendants were acting were not validly issued or were not issued by a judge acting in his judicial capacity. Further, the Court has no indication, beyond plaintiff's allegations, that defendants improperly carried out the court orders."). The Eastern District of Tennessee also dismissed the plaintiff's claims against Blount County, stating that "Plaintiff has not pled that his alleged injuries were the result of a policy or custom of the county." *Summer v. Cunningham*, No. 3:10-cv-169 (E.D. Tenn. 2010) (Order

dated July 20, 2010, ECF No. 41).  Given that the Eastern District of Tennessee has already concluded that the defendant officers are entitled to immunity, and dismissed the plaintiff's claims against Blount County, the plaintiff's claims against these defendants must be dismissed.

### B. The Plaintiff's Claims Against Defendants Hatcher and Ogle Are Barred by Issue Preclusion

The plaintiff alleges that defendants Hatcher and Ogle, both of whom are employees at the Blount County Clerk's Office, are liable for, *inter alia*, fraud by "acting in concert and under color of [state] law with Defendant [Summer] and Defendant Andrews to create a fraudulent court case."  Compl. at 22, 27-28.  The main thrust of the plaintiff's argument is that these defendants knew that the divorce proceedings were fraudulent and "with forethought and malice, for a profit and a gain for [themselves]," signed papers in furtherance of the fraudulent scheme.  *Id.* at 22.  The Eastern District of Tennessee evaluated the same documents at issue in these allegations and determined that the documents were valid and legitimate.  *Summer*, 2011 WL 52554, at *7 ("The Court has reviewed the court orders and finds no indication, on the face of the orders, that the orders are invalid, improperly issued, or issued by a judge acting outside of his jurisdiction.").  The plaintiff himself placed this factual issue before that court and it would work no unfairness for him to be bound by that court's conclusions.  The plaintiff is therefore precluded from asserting claims against defendants Hatcher and Ogle because the validity of the Court orders associated with the plaintiff's divorce was already raised, contested, and actually and necessarily decided in Tennessee.  *Martin*, 488 F.3d at 454 (stating that in order for issue preclusion to bar a claim, "(1), the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2), the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3), preclusion in the second case must not work a basic unfairness to the party bound by the first

determination.").

### C. The Plaintiff has Failed to State a Claim against Defendants Summer, Andrews, and Ralls

The plaintiff's allegations against defendant Summer, Andrews, and Ralls are difficult to untangle, but he asserts that by filing a divorce petition that contained fraudulent statements, they deprived him of his "due process rights and His rights as guaranteed by the Bill of Rights Articles 1, 4, 5, 6, 8 . . ." Compl. at 21. "It is among the most basic tenets of constitutional law," however, "that the Bill of Rights protects individuals from governmental interference with enumerated rights and does not apply to disputes between private parties." *Marshall v. Honeywell Tech. Solutions, Inc.*, 536 F. Supp. 2d 59, 66 (D.D.C. 2008) (citing *Pub. Util. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461-62 (1952) (holding that the Fifth Amendment applies to and restricts only the Federal Government); *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 258 (1989) (holding that "the Eighth Amendment places limits on the steps a government may take against an individual")).

In order to state a Section 1983 claim against defendants Summer, Andrews, and Ralls, the plaintiff must show these defendants acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). There are certain circumstances in which a private individual may act under color of state law for the purposes of bringing a claim pursuant to Section 1983. The D.C. Circuit has held that private parties "may be deemed to have acted under color of law in two circumstances: when they conspire with state officials, and when they willfully engage in joint activity with a state or its agents." *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) (citations omitted); *see also Garay v. Liriano*, No. 11-cv-

1207, 2012 WL 898446, at *2 (D.D.C. Mar. 15, 2012) (finding that a private party had not willfully engaged in joint activity with police officers).

Here, the plaintiff alleges that defendants Summer, Andrews, and Ralls "operating in concert" with members of the Blount County Clerk's Office "under the color of state law" submitted a fraudulent divorce petition "for the purpose of generating a revenue." Compl. at 10-12. Nonetheless, the plaintiff supplies no factual allegations to support these conclusory assertions. As discussed above, the Eastern District of Tennessee already concluded that members of the Blount County Clerk's Office were operating pursuant to valid court orders. Accordingly, the plaintiff's barebones allegations that defendants Summer, Andrews, and Ralls operated in concert with these state officials to deprive him of his constitutional rights lacks any foundation. The plaintiff's claims against defendant Summer, Andrews, and Ralls must therefore be dismissed because the plaintiff fails to plead facts sufficient for the Court to infer "more than the mere possibility of misconduct." *See Atherton*, 567 F.3d at 682. Given the plaintiff's failure to state cognizable claims against these defendants, his claims must be dismissed.

## IV.     CONCLUSION

For the reasons explained above, the plaintiff's Complaint is hereby dismissed, *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. An appropriate Order will accompany this Memorandum Opinion.

**DATED: JULY 6, 2012**                                          *Beryl A. Howell*
                                                                                    BERYL A. HOWELL
                                                                                    United States District Judge